## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## COLUMBIA DIVISION

| | |
|---|---|
| Robert Michael Ardis, ) | |
| ) | Civil Action No.: 3:20-cv-01335-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Darlene Dickey, William Eddins, Sarah ) | |
| Harper-Crutchfield, Gregory Marcille, ) | |
| Timothy Register, Thomas Williams, ) | |
| Jane Does 1-10, and John Does 1-10, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Robert Michael Ardis ("Plaintiff"), who is proceeding *pro se*,[1] brought this action against the above-captioned Defendants under 42 U.S.C. § 1983. (ECF No. 11 at 2.) This matter is before the court upon review of Plaintiff's Objections (ECF Nos. 21-24, 27) to the Report and Recommendation issued by the Magistrate Judge on April 30, 2020 ("Report") (ECF No. 11). The Report recommended that the court summarily dismiss this case because Plaintiff "failed to state a claim for which relief could be granted." (*Id.* at 3.) For the reasons set forth below, the court **ACCEPTS** the Report and adopts its findings herein (ECF No. 11), and **DISMISSES** the instant case without prejudice.

---

[1] "Because he is a *pro se* litigant, Plaintiff's pleadings are construed liberally by the court and held to a less stringent standard than attorneys' formal pleadings." *Simpson v. Florence Cty. Complex Solicitor's Office*, Civil Action No.: 4:19-cv-03095-JMC, 2019 WL 7288801, at *2 (D.S.C. Dec. 30, 2019) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). "This, however, 'does not transform the court into an advocate' for Plaintiff; the court is not required to recognize Plaintiff's claims if there is clearly no factual basis supporting them." *Id.* (quoting *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990)).

1

## I. FACTUAL AND PROCEDURAL BACKGROUND[2]

The relevant facts underlying this case are straightforward: Plaintiff, a South Carolina resident, filed an action in this court seeking to challenge state criminal charges that are pending in Florida. (ECF No. 11 at 2.) Plaintiff claims the above-captioned Defendants, whom are Florida prosecutors or judges, violated the Constitution and federal law in various ways in relation to his state charges.[3] (*Id.*)

The Magistrate Judge issued the Report on April 30, 2020, suggesting this case be summarily dismissed "because Plaintiff fails to state a claim upon which relief can be granted." (*Id.* at 3.) Specifically, the Magistrate Judge explained that "[t]he only relief sought by Plaintiff is to dismiss his state criminal charges. Even assuming this court is the appropriate venue for such an action, and assuming this court would have jurisdiction over the named defendants, the court must abstain from hearing Plaintiff's case." (*Id.*) The Magistrate Judge then found the instant case met each of the elements of the abstention doctrine outlined in *Younger v. Harris*, 401 U.S. 37

---

[2] The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation.

[3] The Complaint spends much of its 250 pages asserting that Plaintiff's state charges were improperly brought after he wrote the following to a state judge:

> A lesser person, who may have been subjected to similar events as me, may **hypothetically** find out where [the state judge] lives, say perhaps in the Scenic Highway area, north of I-10, and then wait for her to step outside, walk up behind her, pull her neck back, and slice her through from ear to ear . . . . Now, of course, I would never do such a thing . . . . I recently saw a documentary on [television] regarding he [sic] [d]ark [w]eb, which is untraceable with the TOR Browser. It is amazing that it is possible for a person to go online, hire a contract killer, pay that killer in Bitcoin, which is completely untraceable, and then have that person assassinated. Again, of course, I would never do that because I am faithful to the law[.]"

(ECF No. 1 at 114-15 (emphasis in original).)

(1971), because Plaintiff's criminal matters in Florida amount to ongoing state judicial proceedings that involve important state interests and allow Plaintiff "an adequate opportunity to raise [his] federal claims[.]" (ECF No. 11 at 4.) The Magistrate Judge further noted that, "[t]o the extent Plaintiff disagrees with decisions made by state court judges, Plaintiff may seek appropriate appellate relief in Florida's state court system, but not here." (ECF No. 11 at 4 n.3 (citing *Gurley v. Superior Court of Mecklenburg Cty.*, 411 F.2d 586, 587 (1969) (explaining that federal courts have no appellate jurisdiction over state courts)).)

In response to the Report, Plaintiff filed numerous Objections, Supplements, and other Motions. (ECF Nos. 14, 17, 21-25, 27, 30, 35-36, 40-41.) In essence, Plaintiff contends *Younger* abstention is inapplicable because both "extraordinary circumstances" and "bad faith/harassment" by Defendants require this court to intervene in his criminal proceedings in Florida. (ECF No. 27 at 7-11.)

## II. JURISDICTION

This court has jurisdiction over Plaintiffs' cause of action via 28 U.S.C. § 1331, as Plaintiff's claims under the Fourteenth and First Amendments "aris[e] under the Constitution, laws, or treaties of the United States."

## III. STANDARD OF REVIEW

A. Report and Recommendation

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Id.* The court reviews *de novo* only those portions of the

3

Report and Recommendation to which specific objections are filed. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). The court reviews those portions which are not specifically objected to only for clear error. *Id.* at 316. The court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is charged with making the final determination of the pending matter as the Magistrate Judge's recommendation carries no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). As such, the court reviews *de novo* those portions of the Report to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(3).Yet when no party offers timely, specific objections, the court "need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record . . . to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting FED. R. CIV. P. 72 advisory committee's note); *see Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) (stating the court is not required to explain the Report's adoption if no party offers specific objections).

B. Abstention

"In *Younger*, the Supreme Court articulated the strong policy against federal court interference with any pending state judicial proceeding unless extraordinary circumstances so warrant." *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citations omitted). "[A]bstention [is] appropriate if the following three-pronged test has been met: [1] there are ongoing state judicial proceedings; [2] the proceedings implicate important state interests; and [3] there is an adequate opportunity to raise federal claims in the state

proceedings." *Id.* Plaintiff has admitted there is an ongoing state judicial proceeding to satisfy the first element.

For the second element, the Supreme Court of the United States has observed that "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986) (citation omitted). And third, the Supreme Court has explained that "ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights. *Kugler v. Helfant*, 421 U.S. 117, 124 (1975) (citation omitted); *see Gatton v. Faulkenberry*, No. 5:17-CV-00153-FDW, 2017 WL 9618526, at *2 (W.D.N.C. Aug. 24, 2017).

> However, at least three exceptions exist to the application of *Younger* abstention:
>
> [F]irst where "there is a showing of bad faith or harassment by state officials responsible for the prosecution." *Kugler*, 421 U.S. at 124 (internal quotations omitted); *see Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 54 (4th Cir. 1989) (defining bad faith as "without a reasonable expectation of obtaining a valid conviction"). Second, where "the state law to be applied in the criminal proceeding is flagrantly and patently violative of express constitutional prohibitions;" and third, where "there exist other extraordinary circumstances in which the necessary irreparable injury can be shown in the absence of the usual prerequisites of bad faith and harassment." *Kugler*, 421 U.S. at 124 (internal quotations omitted).

*Hemingway v. Columbus Cty. Sheriff's Office*, No. 5:16-CT-3277-FL, 2018 WL 1403611, at *2 (E.D.N.C. Mar. 20, 2018).

### IV. DISCUSSION

Plaintiff contends he has demonstrated two exceptions to *Younger* abstention—extraordinary circumstances as well as bad faith and harassment—to merit this court's intervention into Plaintiff's ongoing state criminal charges in Florida. For support, he points to various excerpts within the Complaint, including allegations that, after Plaintiff purportedly threatened a state

5

judge, Florida lacked jurisdiction over Plaintiff because he had moved to South Carolina; the state court has prohibited him from filing additional materials; law enforcement have "illegally and unconstitutionally arrested" him nine times; Defendants have a decade-long, "infamous history of . . . abus[ing]" Plaintiff, including numerous "uncharged felonies of false reports of child abuse and neglect" and "uncharged felonies and misdemeanors"; at least two of his prior public defenders withdrew based on their respective conflicts of interest; at least one of Plaintiff's past appointed attorneys declined to argue several of Plaintiff's legal theories; Plaintiff's ex-wife and her "wealthy and well-connected family" have been instigating malicious prosecutions and other abusive acts against Plaintiff, including during a child custody case; Plaintiff's ex-wife has repeatedly lied to law enforcement with no consequences; the state court attempted to schedule one of his court hearings in February 2018 when in fact that court had availability in January 2018; Plaintiff in fact did not violate certain state court orders, despite being accused of doing so; the state court judge in his criminal proceedings had an impermissible conflict of interest; Plaintiff was not a "fugitive" after moving to South Carolina; and Plaintiff has been subject to other "biased, discriminatory, and abusive actions . . . by the State Attorney in Pensacola."[4] (ECF No. 27 at 7-11 (citations omitted).)

Here, after a careful review of the whole record, the court finds nearly all of Plaintiff's "Objections" concerning *Younger* abstention fatally suffer from some combination of being irrelevant, conclusory, speculative, rehashed, or non-specific. Many other "Objections" simply do not have a basis in fact, nor would amount to bad faith, harassment, or other extraordinary circumstances even if true. Additionally, as noted by the Magistrate Judge, Plaintiff has the ability to raise the arguments herein, including "his constitutional objections[,] in his state[]court criminal

---

[4] Plaintiff raises numerous other issues related to those outlined above.

case." *Jilani v. North Carolina*, No. 5:15-HC-2094-D, 2016 WL 451352, at *2 (E.D.N.C. Feb. 4, 2016); *see Webb v. Harrison*, No. 5:17-HC-2141-FL, 2018 WL 627115, at *2 (E.D.N.C. Jan. 30, 2018) ("As for petitioner's allegations relating to his current charges that [another individual's] actions involved bad faith or harassment, they are utterly speculative and do not rise to an exception under *Younger*."). Plaintiff simply has not plausibly alleged any of the exceptions to *Younger* abstention. Moreover, the court finds Plaintiff's remaining "Objections" are either irrelevant, non-specific, speculative, or amount to rehashed contentions properly addressed and considered by the Magistrate Judge. The court otherwise finds no clear error on the face of the record. Accordingly, the court dismisses this case without prejudice.

## V. CONCLUSION

For the reasons discussed above, the court **ACCEPTS** the Report and Recommendation of the Magistrate Judge and adopts the findings herein (ECF No. 11), and **DISMISSES** this case without prejudice.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

January 25, 2021
Columbia, South Carolina